FILED
Sep 17 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ andreamclaughlin DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ULISSES CISNEROS,

Defendant.

Case No.: **24CR01824-GPC**

**FINDINGS OF FACT AND ORDER OF DETENTION**

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on September 13, 2024 to determine whether the defendant ULISSES CISNEROS should be held in custody pending trial on the grounds that he is a flight risk and a danger to the community. Assistant U.S. Attorneys Stephen Wong and Alicia Williams appeared on behalf of the United States. Attorney Theo Torres of Federal Defenders, Inc. appeared on behalf of Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' report, and the criminal complaint issued in against the Defendant on August 25, 2023, by this Court in 24CR00084-GPC, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

1. The Defendant is charged in an Indictment in 24CR1824-GPC with being a felon in possession of ammunition, in violation of Title 18, U.S.C., § 922(g)(1). Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense punishable by a maximum term of imprisonment of 15 years. See, Title 18 U.S.C. § 922(g)(1); 924(a)(8).

3. According to the Parties' Sentencing Guidelines, the Base Offense level is 14. See, USSG § 2K2.1(a)(6). The parties did not reach an agreement as to which specific offense characteristics apply. Defendant's criminal history score places him in Criminal History Category III. Therefore, without any sentencing enhancements the sentencing range for the Defendant is currently 21-27 months in prison.

B. Weight of the Evidence against the Defendant (18 U.S.C. § 3142(g) (2)):[1]

1. On July 2, 2023, at approximately 12:06 a.m., El Centro Police Department (ECPD) responded to a "shots fired" call in the vicinity of Lovins Cantina, located at 459 Main Street, El Centro, California 92243. ECPD Detectives obtained video footage from an El Centro City Maintained Closed Circuit Television Camera (CCTV) also located on Main Street. CCTV footage show the following, a man, later identified as Zackary Urias, wearing what appeared to be a gray shirt and blue jeans was standing on Main Street. Urias is approached by a Honda Civic. The occupants of the Honda Civic, which included Defendant, and Urias exchanged words and what appear to be gang-related hand gestures. The Honda Civic drove away. The Honda Civic drives back in the opposite direction and pulls into a nearby parking lot. Defendant, wearing an NFL Dallas Cowboys jersey, exits the Honda Civic from left rear passenger seat. Defendant reaches into his right pant

[1] As noted at the Detention Hearing in the instant case, the Court adopts the facts of the case as proffered during the previous detention hearing 24CR00084-GPC, Dkt. No. 11, and bond reconsideration hearing, 24CR00084-GPC, Dkt. No. 38.

pocket/hip area and appears to remove a firearm. Defendant crouches behind a pillar and fires his firearm. Camera footage captures muzzle flash emanating from Defendant's firearm. ECPD officers later recovered one Aguila. 45 caliber, and a mix of five Eldorado, Aguila, and Sig Sauer .45 ACP spent shell casing in the vicinity of the Honda Civic where Defendant was standing while firing.[2]

During the shootout, Defendant suffered a gunshot wound to the chest. He was driven to the El Centro Regional Medical Center to be treated. Defendant was admitted while wearing his NFL Dallas Cowboys Jersey.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3)):

1. Defendant is a United States citizen, and he is 34 years old.
2. Defendant resides in El Centro, California.
3. Defendant is a known affiliate of the Northside Centro gang.
4. Defendant has a serious criminal history, which includes five convictions from 2008 to 2019. Most notably, Defendant was convicted of the following, relevant offenses:
    a. Cal. PC 245(a)(1): Assault with a Deadly Weapon, Great Bodily Injury Likely in November 2008.
    b. Cal. PC 166(a)(4): Contempt, Disobey Court Order in January 2009.
    c. Cal. PC 245(a)(1): Assault with a Deadly Weapon in January 2012.
5. Defendant's criminal history also includes violations of supervision.
6. Defendant's employment history is treated as neutral.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):

The government proffered sufficient evidence to suggest that release of the Defendant would pose a danger to a person or to the community. Specifically, the

[2] FBI identified the Aguila 9MM ammunition as being manufactured in Cuernavaca, Morelos, Mexico; Eldorado ammunition is manufactured in South Korea, and the Sig Sauer ammunition is manufactured in the State of Arkansas. As such, the ammunition all traveled from outside the State of California to California establishing an interstate nexus.

government proffered Defendant's current offense which is entirely recorded on CCTV security footage. Defendant engaged in a shootout on a crowded street demonstrating a complete disregard for public safety. Defendant shot at rival gang members. Defendant was shot during the shootout and was treated at a nearby hospital. Defendant is also a known gang member of the Northside Centro gang. In addition, Defendant has been convicted twice before for Assault with a Deadly Weapon.

**II**

**REASONS FOR DETENTION**

A. There is probable cause to believe that the Defendant committed the offense charged in the Indictment; to wit, being a felon in possession of ammunition, in violation of Title 18, U.S.C., § 922(g)(1).

B. The Defendant's exposure is currently 21-27 months in prison based on his Criminal History Score. Defendant faces a substantial period in custody if convicted of the offense charged in the Indictment, therefore, he has a strong motive to flee.

C. Defendant has criminal history including five convictions, two of which were for assault with a deadly weapon.

D. Though it is the least significant factor, the weight of the evidence is very strong in this case and weighs in favor of detention. The shooting was videotaped by two CCTV security cameras which demonstrates that Defendant was engaged in a shootout with rival gang members.

E. Therefore, based on the underlying conduct and his criminal history, Defendant poses a danger to the community and has a strong incentive to flee to avoid prosecution.

**III**

**ORDER**

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

//

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: 9/17/24.

HON. LUPE RODRIGUEZ, JR.
U.S. MAGISTRATE JUDGE